IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| SELECTIVE AUTO INSURANCE COMPANY OF NEW JERSEY, as subrogee of Roy Wolochow,<br><br>    Plaintiff,<br><br>    v.<br><br>TARGET CORP. and THE HOME DEPOT, et al.,<br><br>    Defendants. | Civil No. 19-13720 (RMB/JS)<br><br>**MEMORANDUM OPINION & ORDER** |

    THIS MATTER comes before the Court upon the Court's Order to Show Cause why the Motion to Intervene should not be remanded [Docket No. 6] and Removing Defendant Target Corp.'s response thereto [Docket No. 7]. Having considered Target's response, the Court holds that Target has not established that removal is proper, therefore remand is required.

    The removal statute provides that "civil actions" may be removed. 28 U.S.C. § 1441(a), (b). Consistent with the long-established maxim that the removal statute must be strictly construed against removal, Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004) (citing Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990)), the statute cannot be interpreted to allow removal of a portion of a civil action. Yet, as set forth in Target's response, Target seeks to

1

remove only a portion of an existing state court civil action: only Selective Insurance's <u>proposed</u> complaint in intervention.

The two cases upon which Target relies are distinguishable. <u>Broquet v. Microsoft Corp.</u>, 2008 WL 2965074 (S.D. Tex. 2008) addressed the issue of subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d). While <u>Broquet</u> apparently involved removal of a petition in intervention, it did not address the issue raised by this Court, namely, the propriety of removing only a portion of a civil action.

<u>Davenport v. Hamilton, Brown, & Babst, LLC</u>, 624 F. Supp. 2d 542 (M.D. La. 2008) also did not directly address whether a portion of a civil action may be removed. Rather, it considered whether "the claims of the plaintiffs-in-intervention should be treated as a separate and distinct lawsuit from the main state court action, and thus the one-year time limitation under § 1446(b) is inapplicable." <u>Id.</u> at 545. The <u>Davenport</u> court held that the claims of the plaintiffs-in-intervention were separate and distinct under very different facts from this case. In <u>Davenport</u>, the main state court action had proceeded to a final order and judgment more than a year before the petition of intervention was filed and then removed. 624 F. Supp.2d at 543. In the case before this Court, the main state court case is

ongoing[1] and the state court has not granted Selective Insurance's Motion to Intervene, therefore there is not yet a Complaint in Intervention to be removed in the first instance. Section 1441 does not permit dissection of a state court case under these circumstances.

ACCORDINGLY, IT IS HEREBY, on this **16th** day of **July 2019**,

**ORDERED** that the Motion to Intervene is **REMANDED** to the Superior Court of New Jersey, Law Division, Burlington County, Docket No. BUR-L-213-19.

s/Renée Marie Bumb
RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE

---

[1] Moreover, the Davenport court analogized the petition in intervention in that case to a garnishment action. The proposed complaint in intervention in this case asserts negligence, product liability, and breach of warranty claims which are not analogous to a garnishment action.